## KUKIIAHU *vs.* WILLIAM GILL.

Land Commission *kuleana* award, held good against a Royal Patent of anterior date, which reserved the rights of native tenants. The Court refused to go behind the award and receive evidence of its having been obtained by fraud.

This was an action brought to recover damages for a trespass on a piece of land in Ewa.

The plaintiff claimed under a Royal Patent, dated in 1850, which was based upon an award of the Land Commission

The defendant admitted that he had possession of the land in dispute, but sought to justify the same by showing a Royal Patent dated in 1849, conveying the land to him, subject, however, to the rights of tenants. He likewise offered in evidence a deed from one Kalua, who claimed the land in dispute, which deed bore date anterior to that of Gill's Royal Patent. He offered to show that the plaintiff had no just claim to the land, and that the evidence before the Land Commission was deceptive and false. He further said he had never had any notice of the plaintiff's claim before the Commission.

The introduction of this evidence was objected to, and the objection was sustained by the Court.

CHIEF JUSTICE LEE, in delivering the opinion of the Court, said: The defendant bought this land subject to the rights of natives, and hence the fact that his Patent bears date anterior to that of the plaintiff's is entitled to no weight. Kukiiahu had his claim entered at the Land Commission long before the land was sold to Gill, and the King in his Patent has made a special reservation for the benefit of this and all other claimants. The King did not convey Kukiiahu's rights to Gill; and if he had done so, his grant would have been a nullity. But it is answered that Kukiiahu had no rights, and practiced a fraud upon the Land Commission in obtaining his award; and on this ground, it is proposed to go behind the award, and offer evidence to show the invalidity of Kukiiahu's claim as entered at the Board of Commissioners to Quiet Land Titles—in other words to treat the award as nothing, and go into the case *de novo.* This cannot be done. Kalua, the person from whom Gill first bought, had notice of Kukiiahu's claim before the Commission; entered his claim for the same land; and appeared and contested the case. It was decided in favor of Kukiiahu, and cannot be tried anew in this Court. The Land Commission may have decided wrong, but if so, Gill or Kalua, both of whom had notice of the award, could have appealed to the Supreme Court, agreeably to the statute in such case made and provided. In that Court they could have shown fraud, want of title, or anything else affecting the case;

but it cannot be done here, under the circumstances. If we are to go into these cases anew, treating the awards of the Land Commission and the Supreme Court as nothing, then there is no security for any man's real estate—no rest for his title—and the whole kingdom will be afloat.

The counsel for the defendant, under the ruling of the Court, said the only question remaining to be settled was the amount of the damages, and proposed to the counsel for the plaintiff to withdraw the case from the jury, and refer the question of damages to the Chief Justice. The proposition was accepted, and the case accordingly withdrawn.

Mr. Harris for plaintiff.

Mr. Burbank for defendant.

(See Kekiekie *vs.* Edward Dennis. *Ante,* page 42.)