### D. M. WESTON *vs.* DANIEL MONTGOMERY.

WHERE no fraud or corrupt misconduct is alleged on the part of the jury, the fact that the amount of the verdict was arrived at by a compromise or mutual adjustment among the jurors is not a ground for a new trial.

Likewise, mistake in a verdict, in order to warrant the granting of a new trial, should be a pure mistake, apparent upon the face of the record, and not a mistake which is to be shown by the statements of any member of the jury, or other proof extraneous to the record.

To grant a new trial on the ground of newly discovered evidence, it must appear that the evidence is material to the issue, is not cumulative, and that the party did not lose the opportunity to produce it by his own laches.

Granting a new trial rests in the sound legal discretion of the Court.

Counsel for the defendant in this cause moves the Court, upon affidavit, to grant him a new trial upon the following grounds, viz :

1st. On the ground of newly discovered evidence ;

2nd. That the verdict of the jury, as he verily believes, was arrived at by compromise, and not by fair induction from the testimony ;

3d. That the verdict is excessive, through a mistake of some of the jurors, to the amount of fifty dollars.

The argument of defendant's counsel, that this is a motion addressed to the discretion of the Court, is perfectly sound ; but that discretion should not be exercised arbitrarily, or capriciously, but according to well understood principles of practice. Although the Judge who presides at the trial of a cause may be of the opinion that the verdict of the jury has not done exact justice between the parties, that, of itself, is not a sufficient reason to sway the discretion of the Court on an application for a new trial.

The second of the grounds put forward in this case has repeatedly been urged in this Court on applications for new trial, but has always been overruled. Defendant's affidavit does not allege fraud or corrupt misconduct on the part of the jury ; but merely that the verdict appears, from its particular amount, to have been got at by a compromise, and not by any calculation

which could be fairly based upon the evidence. In our opinion this is not sufficient. In a large majority of civil cases it is probably true that the verdict of the jury is arrived at, and rightly so, by what may be termed a compromise, or mutual adjustment and modification of ideas and views, among the jurors, with due reference to the law and the facts of the case, and the substantial rights of the parties. Were it not so, trial by jury must soon be abandoned, as an inconvenient, if not impracticable, mode of settling private controversies. (See Dorr *vs.* Fenno, 12 Pick. Rep., 520, and cases there cited.)

The third ground, viz: mistake, is equally objectionable. Mistake in the verdict, in order to warrant the granting of a new trial, should be a pure mistake, apparent upon the face of the record. A mistake which involves the idea of carelessness or inattention on the part of some of the jurors in the discharge of their duty, and which is to be shown by the statements of any member of the jury, or other proof extraneous to the record, is not the kind of mistake which can be alleged or proven in support of this motion. Upon principle, as well as upon precedent, we would regard the admission of the statements of members of the jury who tried the cause for this purpose as unwise and unsafe. (See Howland *vs.* Jacobs, vol. 2, Haw. Rep., p. 155 ; Hannum *vs.* Belchertown, 19 Pick. Rep., 311; 2 Greenleaf on Evidence, Section 252*a*, and cases there referred to.)

The only good ground suggested in support of the motion is that of newly discovered evidence. This ground alone, if made out within the recognized rules of practice, would be sufficient. But in order to that result, it should appear not only that the proposed testimony is newly discovered, that it would be material to the issue, and that it would not be merely cumulative ; but that the defendant did not lose the opportunity to lay it before the jury by his own laches. For when it appears to the Court that the party might, by the exercise of due diligence, have discovered and obtained the proposed new testimony at or before the time of trial, a new trial will not be granted, unless there are in the particular case some peculiar circumstances, of such a character as are entitled to weight in the mind of the Court in deciding upon a motion addressed to its discretion.

In the present case the new testimony is said to be in the possession of certain persons who have already given evidence for the defendant. Both of these witnesses reside in Honolulu; the cause was not hurried to trial without sufficient time being allowed the defendant for preparation ; there is no allegation of surprise ; the new testimony is of a nature which the defendant, had he exercised reasonable diligence, could not have failed to discover in time, as such testimony, if in existence, would naturally be looked for in the breasts of parties who, like Hughes, Neville and Thompson, had the opportunity from their peculiar relation to the subject matter of the suit, of knowing such facts; and if the defendant failed to ascertain the extent of their knowledge on the subject, we cannot avoid the conclusion, under the circumstances, that it was his own fault. Were it not that we think the defendant's motion is clearly open to this objection, and that we feel the necessity of adhering to a line of practice which we believe to be on the whole conducive to the furtherance of justice, the apparent materiality of the proposed new testimony would be a strong inducement for granting the indulgence asked for.

The motion is refused, but without costs.

Messrs. Austin and Bates, for plaintiff.

John Montgomery, Esq., for defendant.