EKEKELA MALANI *et al vs.* PUHI *et al.*

EXCEPTIONS TO RULINGS OF MCCULLY, J.

OCTOBER TERM, 1885.

JUDD, C. J.; MCCULLY and PRESTON, JJ.

Affidavits in support of a motion for new trial, on ground of newly discovered evidence, should show that the evidence is newly discovered, and that due diligence was used to discover it. Such affidavits may be received after the lapse of ten days from verdict, in the discretion of the Court, on proper cause shown. Rule VIII. of the Supreme Court is subject to the control and discretion of the Court.

An affidavit of defendant's attorney, that certain evidence was unknown to defendants, held improper; some reason should be shown for dispensing with the ordinary and proper rule, requiring affidavits of the parties themselves.

An affidavit not entitled in any Court or cause ought not to be received or read.

New trial allowed on another ground.

OPINION OF THE COURT, BY PRESTON, J.

THIS is an action of ejectment to recover a piece of land awarded to one Nahua by Royal Patent No. 7,739, Mahele Award No. 25, situated in Kaohe IV., Kona Hema, Island of Hawaii, containing 1,135 acres.

The plaintiffs claim that Ekekela is the sole heir at law of the patentee, and as such is entitled to the land.

The case was tried at the last July Term before McCully, J., and a Hawaiian jury, who returned a verdict for the plaintiffs, three dissenting, to which verdict the defendants excepted.

It was admitted at the trial that the plaintiff, Ekekela, was the sole heir at law of the patentee. The defendants relied on the statute of limitations, claiming to have been in adverse possession for more than twenty years.

On the 11th day of July, the defendant moved for judgment *non obstante veredicto*, which motion was denied. Whereupon the defendants filed a motion for a new trial, on the grounds:

*First,* That the verdict of the jury was contrary to the law and evidence. *Second,* Because the defendants had discovered new and material evidence not known to them before the trial.

This motion was argued on the 1st of August, and on the 6th the Court (McCully, J.) rendered its decision, granting a new trial on the second ground. To which decision the plaintiffs duly excepted, and the bill of exceptions was argued before the full Court at the October Term.

Mr. Kinney, for the plaintiffs, submitted the following points as raised:

1. Is it necessary or not that the affidavits in support of a motion for a new trial, on the ground of newly discovered evidence, should show that the evidence is newly discovered, and that due diligence was made to discover it?

2. Can affidavits on the above two points be received at all after ten days have elapsed since the verdict, and if so, can they be received twenty-one days after verdict and after the motion has been argued before the trial justice?

3. If so, are the affidavits in behalf of defendants sufficient on that point, there being no affidavit by the defendants themselves?

4. If affidavits on behalf of defendants are sufficient, standing alone, to justify a new trial, still, in the light of counter affidavits filed by plaintiffs, should such new trial be granted?

Many authorities were cited on behalf of the plaintiffs in support of the general propositions advanced in their behalf.

## By the Court.

There can be no doubt that the affidavits in support of a motion for a new trial, on the ground of newly discovered evidence, should show that the evidence is newly discovered, and that due diligence was used to discover it. We are also of opinion that such affidavits may be received after the lapse of ten days from verdict.

The rule of Court VIII., which provides that "motions for a new trial, on account of misconduct of the jury, for newly discovered evidence, * * * must be made in writing, and filed

with the Clerk within ten days after the verdict," is a rule made by the Court with a view to the interpretation of the practice of the Courts, and is subject to the control and discretion of the Court, and therefore the Court, in its discretion and on proper cause shown, and to prevent an injustice being done, will interfere and let the parties in, but each case must stand on its own merits.

See *Rex vs. Holt*, 53 L. T. R. N. S. 436 ; *Pritchard vs. Pritchard*, 51 L. T. R. N. S. 859.

We thus dispose of the two first points made on behalf of the plaintiffs.

By the bill of exceptions the right to except to the admissibility of any or all of the affidavits on the hearing, was reserved to either party, and counsel for the plaintiffs argued very fully and, as we think, correctly against their admissibility, and more especially with regard to the affidavit of Mr. Thurston, wherein he states that the evidence of Hanewa, Helene and Kalaaukane (the witnesses whose evidence is said to be newly discovered), was unknown to the defendants or defendants' counsel at the time of the trial, and was not accessible to the defendants by the exercise of due diligence.

We cannot see how such an affidavit could properly be made ; the deponent could not possibly have known what information the defendants had, and though in some cases affidavits of the parties themselves might be dispensed with, still some reason should be shown for dispensing with the ordinary and proper rule.

Another matter which renders this affidavit and all others filed on behalf of the defendants inadmissible, although the point was not mentioned either on hearing the original motion or on the appeal, is that they are not entitled in any Court, or, except Mr. Thurston's, in any cause, and therefore ought not to have been received or read, and we trust that such irregularities may not again occur.

For the foregoing reasons we are of opinion that the exceptions, so far as regards the granting of the new trial on the ground of the discovery of new evidence, should prevail. But on a consideration of the evidence given at the trial, we are of opinion

that the jury took an erroneous view of its effect, and therefore think that, in order that substantial justice may be done to the defendants, the case should be sent to another jury.

The defendants must pay the costs of the motion in the Court below and of this appeal, the costs of the former trial to abide the event.

A new trial is therefore ordered.

*Kinney & Peterson*, for plaintiffs.

*L. A. Thurston* and *J. M. Monsarrat*, for defendants.

Honolulu, December 18, 1885.