JOHN CLEMENT vs. A. J. CARTWRIGHT, Executor of Will of MARIA KING, Deceased.

EXCEPTIONS TO DENIAL OF MOTION FOR NEW TRIAL BY BICKERTON, J.

JULY TERM, 1889.

JUDD, C.J., McCULLY, PRESTON. BICKERTON and DOLE, JJ.

Motion for new trial on the ground of newly-discovered evidence denied, because (1) the evidence was cumulative, and (2) the showing of diligence to obtain this evidence at the trial was not satisfactory.

OPINION OF THE COURT, BY DOLE, J.

This is an action of assumpsit in which the plaintiff claims of the defendant, executor of the will of Maria King, deceased, a certain sum of money for services alleged to have been performed by him for her during her lifetime, at her request. The case was tried at the last January Term of this Court; the jury returned a verdict for the defendant, to which the plaintiff excepted as contrary to the law and evidence, and afterwards filed a motion for a new trial on the following grounds: "1. That the verdict of the jury is contrary to law and the weight of evidence. 2. That the plaintiff has discovered new evidence which is material and important, and was to him unknown previous to the trial of said case. 3. Misconduct of the jury."

Affidavits of the plaintiff and of Kekahuna and Kahoa, the alleged newly-discovered witnesses, were filed later. The motion was argued and overruled on the second day of April, and the plaintiff's bill of exceptions thereupon filed on the same day. At the argument of the motion for a new trial, the third ground of the motion, to wit, misconduct of the jury, was not urged by plaintiff's counsel. On the first ground of the

motion, to wit, that the verdict was contrary to law and the weight of evidence, we do not find any issue of law raised by the bill of exceptions further than the question whether the verdict was contrary to the evidence, and on this question we are well satisfied that the evidence in the case raised an issue of fact which was within the province of the jury, and that there was sufficient evidence to justify the verdict.

The alleged newly-discovered evidence appears to be the ground mainly relied on by the plaintiff in his motion for a new trial. Upon examination of the affidavits of Kekahuna and Kahoa, we find that the matters which they are ready to testify to are in the nature of cumulative evidence. Kekahuna says in substance that he did not know that plaintiff was the hired servant of the deceased until upon one occasion when he was " working on the division fence between said Maria King's land and that of the Hui, when Mrs. King said to him that said Clement was hired by her at the rate of $40 per month, and that she was going to charge the Hui for his wages $3.50 per day ; " that she afterwards referred to plaintiff as being employed by her as manager of her ranch and general property, and referred deponent's application for leases of her lands to plaintiff as her trusted servant; that she said, during the building of the division fence, that she preferred to hire a man of Clement's ability at stated wages to having the unpaid assistance of natives. Kahoa's affidavit is to the same effect, with the additional statements of a dispute between plaintiff and decedent about a sum of one hundred dollars which plaintiff wanted, and which she refused, and said she would not pay him the balance she owed him until he resorted to the Courts ; and of a subsequent conversation of the decedent, when she told deponent that she did not want to pay plaintiff all that was due him for wages as he would spend it foolishly up there, and that she wanted to take care of it for him, but did not mention the amount of such balance.

It appears by the report of the evidence in the case, which forms a part of the bill of exceptions, that James Kahe, one of

plaintiff's witnesses, testified that Mrs. King said in connection with the fence referred to, that plaintiff was working for her, and that his wages were $35 or over per month, and that she claimed $3.50 a day for his work on the division fence, and that she had paid him that amount. Kaikala, another witness for the plaintiff, testified at the trial, of having heard Mrs. King say that plaintiff was working for her under pay.

It will be seen from this comparison of the affidavits with the testimony introduced at the trial, that the newly-discovered testimony is on the same line with much that has been already considered by the jury, being evidence of admissions and conversations of Mrs. King as to the plaintiff's business relations with her. This being the case, it is not a sufficient reason for a new trial. "On motions for new trials on newly-discovered evidence, it is a well settled rule not to grant them if the evidence is merely cumulative or in corroboration of testimony to a point presented at the former trial." Graham and Waterman on New Trials, 486.

The plaintiff's showing of diligence is not satisfactory; his allegation is, that he "used every endeavor to procure all the evidence that he knew of;" that is not sufficient; a party must use due diligence to procure all the important evidence that exists, he must search for it wherever there is a probability of finding it. In the case at bar it appears by the affidavits filed in support of the motion that both of the alleged newly-discovered witnesses were employees of Mrs. King and worked for her upon the same fence that plaintiff worked on, and one of them is still living at Halawa, on Molokai, the residence of Mrs. King, during the time when the plaintiff's services are alleged to have been performed. The other new witness is now living at Waianae, on the island of Oahu. It seems to us that both of these men would naturally have been thought of by the plaintiff as probably important witnesses for his contention, but it does not appear that he made any effort to find them or took the trouble to ask them what they knew, or that there were any obstacles to his procuring them for the first trial. It looks very

much as if the same diligence shown in looking up evidence for a new trial would, if it had been put forth, have procured this newly-discovered evidence in time for the first trial.

We therefore confirm the ruling of Mr. Justice Bickerton, denying the motion for a new trial.

*A. Rosa*, for plaintiff.

*Cecil Brown*, for defendant.