## KAHEANA *vs.* NALIMU.

EXCEPTIONS.

HEARING, JULY 16, 1891.   DECISION, JULY 21, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ.   McCULLY, J., ABSENT.

(1) A motion for a new trial, on the ground that defendant has discovered new and material evidence, overruled, it appearing that though aware of the plaintiff's-claim before the trial, defendant used no diligence to procure evidence to rebut the same.

(2) An examination of the evidence shows that the verdict is sustained by considerable and definite testimony.

OPINION OF THE COURT, BY JUDD, C.J.

At the special term of this Court, March, 1891, we held that the defendant had complied with the statute and rules respecting the perfecting of motions for new trials, and ordered the parties to be heard on the merits of the motion.  (*Ante*, page 227.)

Mr. Justice Dole heard the motion in vacation, and on the 3d July filed his decision overruling the same, to which exceptions were taken by defendant, and the matter was argued before the Court in Banco.

Having examined the evidence in the case and the affidavits on file, we are of the opinion that the decision and judgment of Mr. Justice Dole denying a new trial should be affirmed, which is done accordingly.

DECISION OF DOLE, J., APPEALED FROM.

This is a case of ejectment, and the verdict was for the plaintiff.   The defendant moved for a new trial upon the following grounds :

1.   That the defendant has discovered new and material evidence ; and

2. That the verdict of the jury was contrary to law and the weight of the evidence.

On the second ground there is no question that the evidence made an issue for the jury, and that in finding a verdict for the plaintiff they were supported by both considerable and definite testimony.

As to the newly discovered evidence, the principal affidavit is by Loe (w.) who names different parents of the plaintiff than those mentioned at the trial. This, if proved at the trial of the case, would defeat the plaintiff. But the defendant, or her counsel, knew long previous to the trial that this plaintiff was a claimant of a part of the estate which she received from her husband, as his uncle. This appears in the probate proceedings of her husband's estate in 1889, in which the petition states that Kaheana, as uncle to the deceased, is an heir, and lives at Keei, South Kona, Hawaii, and the clerk's notes show that W. C. Achi made an appearance for "Kaheana, uncle of deceased." Mr. Rosa appeared at the same proceedings as counsel for the widow, this defendant. The plaintiff's counsel further shows by affidavit, that before the trial of this case he furnished Mr. Rosa, defendant's counsel, with the pedigree or family tree showing Kaheana's relationship to the deceased. Defendant's counsel cannot therefore claim to be taken by surprise by the evidence in the case on this point. Under the circumstances it does not appear that the defendant has exercised a reasonable diligence in preparing her case. It was obviously her duty to procure available testimony as to the plaintiff's parents and to search in Kona, his home, for such information. There is no evidence that any attempt has been made on her part to procure evidence on this point from that locality. The Court in *Clement vs. Cartwright*, 7 Hawn., 678, say, on a similar motion, "a party must use due diligence to procure all the important evidence that exists ; he must search for it wherever there is a probability of finding it."

The defendant asks for a new trial in order to put in testimony that she ought to have put in at the first trial, and which

she might have had then, so far as anything appears to the contrary.

The motion is overruled upon both grounds.

*W. C. Achi* and *E. Johnson*, for plaintiff.

*A. Rosa*, for defendant.

