REPUBLIC OF HAWAII *v.* M. CARVALHO, J. ENOS,
    J. R. MUNIZ, RODRIGUES, MANUEL JUAN and
    MANUEL JORDAIN.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 23, 1896.    DECIDED OCTOBER 19, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

An affidavit setting forth that affiant was counsel for defendants and "used all his endeavors and means in his power to obtain and gather all the evidence possible"; "that he knew of the evidence of A. P. only after the jury had rendered their verdict," does not show due diligence in the preparation of the case and in the proper search and inquiries for testimony at the place where the offense was committed, and is insufficient to base a motion for a new trial on the ground of newly discovered evidence.

OPINION OF THE COURT BY WHITING, J.

The defendants were indicted and convicted of the offense of unlawful assembly in the First Circuit Court in Honolulu

at the May term, 1896, for that they together with divers other persons to the Attorney-General unknown, being then and there three or more persons in all were, of their own authority, assembled together, with disturbance, tumult and violence, and striking terror and tending to strike terror into others, contrary to the form of the statute.

This is a statutory offense, as all crimes and offenses are in this Republic, and is in the language of Section 1, Chapter 38 of the Penal Code.

The defendants moved for a new trial, 1st, on the ground that the verdict was contrary to the law and the evidence, 2d, on the ground of newly discovered evidence—which motion was overruled, duly excepted to and these exceptions presented to this court.

As to the first ground the defendants submitted it to the court and referred merely to the report of the evidence without particularizing any part of the evidence.

Nevertheless we have carefully examined the reported evidence; and we find sufficient evidence to warrant the jury in finding a verdict of guilty, and we may say that it clearly supports the verdict; no question of law was pointed out to us that the verdict was contrary to the law as charged.

"At the close of the case for the prosecution, the defendants moved the court to instruct the jury to acquit the defendants on the grounds: that the prosecution had failed to prove that defendants were unlawfully assembled; that any threats were made by any of the defendants; that there was any actual force or violence committed by any one of the defendants; that there was any terror stricken into others, and that the offense the prosecution had proven was an affray between officer Hughes and one Frank Ferreira, and the interference of Frank Ferreira with the arrest of Muniz."

This the court refused properly, for it required the court to pass on the weight of the evidence and such cannot be required of the court except in cases where there is no evidence to support the charge, and in this case we have found the evidence

ample and sufficient to support the verdict, and the court was right in its discretion in leaving the weight of the evidence, the credibility of the witnesses and the facts to the jury. The evidence clearly shows disturbance, tumult and violence and acts tending to strike terror in others and that these defendants were ringleaders in the tumult. Chapter 38, Penal Code, Section 3. "Menacing language, or gestures, or show of weapons or other signs of demonstrations tending to excite terror in others, are sufficient violence to characterize an unlawful assembly or riot."

There was evidence upon all the points in this Section 3.

Section 5: "It is not requisite in order to constitute an unlawful assembly or riot, that persons should have come together with a common or unlawful intent, or in any unlawful manner; or that the object of the meeting, or the act done or intended, should of itself be unlawful. The tumult and violence tending to excite terror, characterize the offense though the persons may have assembled in a lawful manner, and though the object of the meeting, if legally pursued, or the act done or intended, if performed in a proper manner, would be lawful."

Section 6. "Persons present at a riot or unlawful assembly, and promoting the same, or aiding, abetting, encouraging or countenancing the parties concerned therein by words, signs, acts or otherwise, are themselves parties thereto and principals therein."

The acts of defendants come within both of these sections.

The defendants based their motion for a new trial upon the ground of newly discovered evidence material to their defense.

To support this is the affidavit of the proposed witness, Hon. Circuit Judge A. Perry, and the affidavit of Mr. A. G. Correa, the counsel for defendants at the trial.

This last affidavit sets forth: "A. G. Correa being duly sworn on his oath deposes and says, that he was counsel for the defendants in the case of the *Republic of Hawaii v. Manuel Carvalho and others*. That as counsel he used all his endeavors

and means in his power to obtain and gather all the evidence possible in the above mentioned cause. That he knew of A. Perry, Esq.'s, evidence only after the jury in the above cause had rendered their verdict."

This affidavit is insufficient in that it does not show what diligence was used by counsel in the preparation of the defense.

The ground of newly discovered evidence, if made out within the recognized rules of practice, is sufficient to grant a new trial. But in order to that result, it should appear not only that the proposed testimony is newly discovered, that it would be material to the issue, and that it would not be merely cumulative, but that the defendant did not lose the opportunity to lay it before the jury by his own laches. For when it appears to the Court that the party might, by the exercise of due diligence, have discovered and obtained the proposed new testimony at or before the trial, a new trial will not be granted, unless there are in the particular case some peculiar circumstances of such a character as are entitled to weight in the mind of the Court in deciding upon a motion addressed to its discretion.

*Weston v. Montgomery,* 2 Haw. 310.

The defendant must use reasonable diligence. There are few cases tried in which new evidence cannot be hunted after trial, and in order to secure to parties the termination of their legal controversies the Court must be wary about granting new trials upon insufficient excuses for not procuring the evidence when the parties had their day in court.

*Burns v. Bowler,* 4 Haw. 303.

The allegation of the affidavit is that he "used every endeavor to procure all the evidence that he knew of." Held, not sufficient; a party must use due diligence to procure all the important evidence that exists; he must search for it wherever there is a probability of finding.

*Clement v. Cartwright,* 7 Haw. 676;
*Kaheana v. Nalimu,* 8 Haw. 271.

The evidence shows that there were from fifty to over a hundred people assembled at the place where the offense was committed. Judge Perry lives at the corner of the street where the row occurred. The affidavit of counsel not only fails to show what diligence he used, but it fails to show that the defendants themselves did not know that the evidence of Judge Perry could not have been obtained, if sufficient inquiries had been made as to who were present at the place of the row. There is no evidence of any attempt to procure evidence from that locality.

There were other exceptions set forth in the bill of exceptions, but they were not argued nor were they set forth in defendants' brief, and we consider them as not relied upon and as abandoned.

Exceptions overruled.

*Deputy Attorney-General E. P. Dole,* for prosecution.
*C. Creighton* and *A. G. Correa,* for defendants.