# TERRITORY OF HAWAII *v.* KUM FOO SUNG.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JULY 12, 1910.                                    DECIDED JULY 19, 1910.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE ROBINSON
IN PLACE OF HARTWELL, C.J.

NEW TRIAL—*newly discovered evidence—diligence.*

    Affidavits in support of motion for new trial on the ground of
newly discovered evidence should show positively, not only that the
evidence was not known before the verdict, but that the applicant
or his attorney used due diligence to discover and produce the
new evidence at the trial.

NEW TRIAL—*evidence—cumulative, impeaching and material.*

    Affidavits must also show affirmatively that the new evidence is
not merely cumulative to the evidence adduced at the trial, nor
merely impeaching in character, and that it is material.

### OPINION OF THE COURT BY DE BOLT, J.

The defendant was convicted of assault and battery on one,
C. August Herring, upon an indictment charging him with the
crime of assault and battery with a weapon obviously and im-
minently dangerous to life, "to-wit, a large stick."

The defendant moved for a new trial, one ground assigned,
and the only ground now relied upon, being that of newly dis-
covered evidence, which, it is claimed, bears upon the fact as
to whether or not the complaining witness, Herring, threatened
defendant with a pistol at the time of the alleged assault. The
defendant testified at the trial that Herring threatened him
with a pistol, and that he only used the stick to knock the pistol
from Herring's hand and in self-defense, all of which Herring
denied. Herring also further denied upon cross examination
that he was in the habit of carrying a pistol, or that he had
threatened to shoot others. Defendant thereupon introduced
witnesses who testified that Herring was in the habit of carry-

ing a pistol and that he had threatened to shoot others.

In support of his motion for a new trial the defendant filed the affidavits of Mr. Lorrin Andrews, his counsel, Mr. J. M. Camara, Wong Sar and Chun Loi. The affidavit of counsel being as follows:

"Lorrin Andrews being duly sworn deposes and says: That he is the attorney for the defendant, Kum Foo Sung; that the information contained in the affidavits attached hereto was not within his knowledge at the time of the trial of the above entitled case, and that he had no means of obtaining the same, or reason to believe that such testimony existed before the conclusion of the said case; that after the conclusion of said case he was informed that one, E. K. Bull, Manager of the Oahu Plantation, at Waipahu, had been threatened by said Herring with a revolver, or knew of other persons who had been so threatened; that he at once communicated with the said Bull, who informed him that he personally did not wish to make any affidavit concerning said Herring, as said Herring was a dangerous man, thoroughly irresponsible, and that he knew that if he should make such affidavit said Herring would cause him a great deal of trouble; he, however, informed deponent of the facts which led to the obtaining of the attached affidavits."

The affidavits of the other affiants were, in substance, that Herring was in the habit of carrying a pistol; that he had threatened many people, particularly Chinese, with a pistol; that he had the reputation of having shot the woman with whom he lives; that on one occasion he drove some laborers from certain land with a club, and upon their employer protesting, Herring knocked him down, drew a pistol and threatened to kill him; that he is generally considered a man of bad reputation, always threatening to commit violence on the least provocation, and that the whole community is afraid of him.

The motion for a new trial being overruled the defendant duly excepted. This is the only exception now before us, other exceptions taken having been abandoned.

It will be observed that the defendant, although a resident of the same locality with Herring, failed to show by affidavit

or otherwise that he himself did not know of the proposed evidence, or that he made any effort to procure the same, or that it could not have been obtained by the exercise of due diligence. His failure and silence in this respect is not explained, nor is it in any way accounted for. (*Rep. Haw.* v. *Carvalho*, 10 Haw. 446, 450.) In this respect the affidavits filed by the defendant were likewise wholly insufficient. They failed to show that any attempt was made by any one to procure the evidence before the trial. An affidavit should show positively, not only that the evidence was not known before the verdict, but that the applicant or his attorney used due diligence to discover and produce the new evidence at the trial. Evidence discovered soon after the trial by systematic inquiry or search, as in the case at bar, usually indicates that due diligence was not exercised to discover it before the trial. (19 Cyc. 886, 892, 996.)

The crime charged is alleged to have been committed February 10, 1910. The indictment was presented and filed March 16. Arraignment March 18. Trial and verdict May 2. Motion and affidavits for new trial presented May 10. Thus, it is apparent that defendant had ample time and opportunity to prepare for his defense. And, in view of the questions put to Herring by counsel for defendant on cross examination relative to carrying a pistol and his supposed threats to shoot others, we must assume that defendant had some knowledge of these matters before or at the time of the trial. However that may be it was his duty, nevertheless, to have made some attempt to procure evidence for his defense at the trial and not wait until the verdict had gone against him.

The affidavits are also wholly insufficient in that they do not show that the so-called newly discovered evidence is not merely cumulative of the evidence adduced at the trial, nor merely impeaching in character. To say nothing of the fact that the proposed evidence was immaterial, it is too plain for argument that it is merely cumulative and impeaching in character.

The question of newly discovered evidence in its various phases has been before our courts many times.

See *Walker* v. *Grimes,* 1 Haw. 54; *Howland* v. *Jacobs,* 2 Id. 155; *In re Will Hewahewa,* Id. 165; *Weston* v. *Montgomery,* Id. 309; *Lipoa* v. *Dowsett,* 3 Id. 623; *Makea* v. *Nalua,* 4 Id. 205; *Burns* v. *Bowler,* Id. 303; *Briggs* v. *Mills,* Id. 450; *Malani* v. *Puhi,* 5 Id. 504; *Abela* v. *Louika,* 6 Id. 57; *Kahula* v. *Kuamu,* Id. 226; *Kepola* v. *Aholi,* Id. 302; *Clement* v. *Cartwright,* 7 Id. 676; *The King* v. *Awana,* Id. 305; *Gay* v. *McCandless,* Id. 365; *Napahoa* v. *Chinese Union,* Id. 379; *The King* v. *Makamaka,* Id. 394; *Kaheana* v. *Nalimu,* 8 Id. 271; *Rep. Haw.* v. *Saku Tokuji,* 9 Id. 548; *Hang Fook,* Id. 553; *Charman* v. *Charman,* 19 Id. 380.

Exception overruled.

*J. W. Cathcart, City and County Attorney (F. W. Milverton, Deputy City and County Attorney* with him on the brief), for the Territory.

*Lorrin Andrews* for defendant.