## LIZZIE K. MENDIOLA, SUBSTITUTED FOR LILIA K. KAIKOO, DECEASED, *v.* JONATHAN AIAU, ROSE K. AIAU, INDIVIDUALLY AND AS TRUSTEE FOR JONATHAN HAUKEIKELANI AIAU, AND JONATHAN HAUKEIKELANI AIAU.

### No. 1688.

APPEALS FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. R. DESHA, JUDGE.

SUBMITTED JUNE 18, 1926.                    DECIDED JULY 14, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

NEW TRIAL—*newly-discovered evidence—merely impeaching.*

> A motion to set aside a decree in equity and to reopen the case for the adduction of further evidence is properly refused when the so-called newly-discovered evidence is merely impeaching in character and when the testimony of the witness sought to be impeached was not relied upon by the trial judge in making his findings of fact.

EQUITY—*decrees—enforcement—commitment to prison.*

> A court of equity has power to order the grantees under a fraudulent deed to execute a reconveyance of the property and to enforce its order by a commitment to prison.

OPINION OF THE COURT BY PERRY, C. J.

This is a suit in equity, praying for the cancellation of a deed and reconveyance of the property on the ground that the deed was obtained by fraud. After trial on the merits, the circuit judge granted the prayer of the petition and a decree was entered ordering the respondents to reconvey. From that decree an appeal was taken to this court; but subsequently the appeal was voluntarily dismissed by the appellants. Thereafter the respondents moved in the trial court that the decree be set aside and that the case be reopened for the adduction of further

evidence. The ground of this motion was that one Manuia, who had been called as a witness on behalf of the petitioner, had after the trial told the affiants whose affidavits were filed in support of the motion that certain testimony given by him at the trial was false. The trial court, i. e., the same judge who heard and decided the case on its merits, denied the motion and ordered the respondents to execute a deed of reconveyance which was submitted by the petitioner. Upon the respondents' refusing to execute the deed they were committed to jail, there to remain until they should comply with the order. The case is now before us on two appeals of the respondents, one from the denial of the motion to reopen and the other from the order committing them to jail.

The decision of a motion to reopen the decree and to receive further evidence is at best a matter in the discretion of the trial judge. Such a decision, either granting or refusing the motion, has been held not to be appealable at all. *Makalei* v. *Himeni,* 7 Haw. 168, 169; *Nakeu* v. *Mahaulu,* 22 Haw. 750, 752. Moreover, there certainly was no abuse of discretion in this instance. There was no affidavit by Manuia to the effect that his testimony upon a further hearing would be different from that originally given by him. On the contrary, an affidavit of his was filed by the petitioner to the effect that his testimony already given was not false and that, if he were called again, his testimony would be the same. The testimony of the affiants, whose affidavits were produced by the respondents as to what Manuia had told them since the trial, would be merely by way of impeachment of Manuia, one of the witnesses at the original trial. "The affidavits are also wholly insufficient in that they do not show that the so-called newly-discovered evidence is not merely cumulative of the evidence adduced at the trial, nor merely impeaching in character. To say nothing of

the fact that the proposed evidence was immaterial, it is too plain for argument that it is merely cumulative and impeaching in character." *Ter.* v. *Kum Foo Sung*, 20 Haw. 195, 197. See, also, *Ter.* v. *Good*, 27 Haw. 8, 19. In so far as appears from the affidavits submitted, the evidence at the further trial would not be any different from that already produced except that there would be some testimony tending to impeach the credibility of Manuia. In this connection it is to be observed that the trial judge, in denying the motion, said: "I will add, that if you read the decision you will note that no reference was made to the testimony of Manuia. The court was satisfied at that time that the testimony of Dr. Wood and the other witnesses was sufficient." In other words, the trial judge in reaching the conclusion which he did, on the merits, did not rely upon the testimony of Manuia but was wholly moved by the testimony of other witnesses whose credibility is not now attacked by the respondents. Under these circumstances the trial judge could not well have done otherwise than to deny the motion.

Whether a commissioner appointed by the court for that purpose could effectually re-transfer the title of the respondents to the petitioner need not be considered. The court of equity certainly has the power to order the respondents themselves to execute such a deed and to enforce its order by a commitment to prison.

The appeals are not sustained. The orders appealed from are affirmed and the cause is remanded to the circuit judge for such further proceedings as may be proper.

*Smith & Wild* for petitioner.

*E. K. Aiu* for respondents.