CHARLES D. GREEN *v.* WILLIAM M. KEOLANUI, ET AL., DEFENDANTS; BANK OF BISHOP & COMPANY, LIMITED, AND BANK OF HAWAII, LIMITED, GARNISHEES.

Nos. 1876 and 1877.

ARGUED MARCH 18, 1929.        DECIDED MARCH 28, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

These are two actions of assumpsit, one on a promissory note for $1000 and the other on a promissory note for $500. Both notes were dated October 6, 1923. In both actions summons was issued on January 21, 1925. In each the defendant, Solomon K. Lalakea, filed a separate answer of general denial on February 9, 1925, accompanied by an affidavit of meritorious defense, asserting that he did not make or execute any promissory note to the plaintiff as set forth in the declaration. The other defendants defaulted. In December, 1928, upon motion of the plaintiff, a commission was issued for the taking in California of the deposition of W. S. Wise. The certificate of the taking of the testimony, signed by the

commissioner, was dated December 22, 1928. On January 5, 1929, the commission and the deposition having evidently arrived before that date, motion was made by the plaintiff that the trial of the case be set for January 9, 1929. At the opening of the court at 10 A. M. on the day last mentioned request was made on behalf of the defendant that the hearing be continued until the afternoon of that day and the request was granted. The cases were tried by the court without a jury. The sole issue raised on the evidence by the defendant Lalakea was as to the genuineness of the signatures on the notes. The defendant, Keolanui, testified that he had seen Lalakea sign both notes. The witness Wise said in effect in his deposition, which was offered in evidence, that the signature on each of the notes was that of Lalakea. The latter testified that he did not sign either of the notes and that the signatures which purported to be his were forgeries. The court found that the signatures were genuine and ordered and later entered judgment for the plaintiff in each case. The defendant Lalakea now brings to this court a bill in each case containing three exceptions, the first being to the decision, the second to the judgment and the third to the denial of a motion for a new trial. The plaintiff moves to dismiss the bills of exceptions on the ground that "the penalty or the amount of the bond filed herein was not fixed or approved by the judge of the circuit court of the fourth circuit, as required by section 2537 of the Revised Laws of Hawaii 1925," and to affirm the judgments on the ground that the bills of exceptions were "taken for delay only and that the questions presented are such as not to need further argument."

In this court it has been made to appear by the affidavit of counsel for Lalakea that the bond on appeal was in fact approved in writing by the trial judge, although it is admitted at the same time that the copy of

the bond furnished by the attorney for the appellant to the attorney for the appellee did not show on its face that the judge had approved it. The bills of exceptions, therefore, cannot be dismissed on the ground named.

It is clear, however, that the questions presented by the exceptions are such as not to need further argument. There was ample evidence to support the finding that the defendant Lalakea had signed each of the two notes. The question of credibility involved was purely one for the trial judge to determine. No error or informality in the judgment as distinguished from the written decision is claimed. The motion for a new trial presented only one additional ground and that was that the defendant Lalakea wished to present newly discovered evidence consisting of testimony of an expert on handwriting to the effect that he had compared the alleged signatures of Lalakea on the notes with signatures on several other documents which were handed to him as containing true and admitted signatures of the defendant, and that, in his opinion, if the signatures on the other documents were genuine signatures of Lalakea, the signatures on the two notes were forgeries. In support of that motion there was an affidavit by Lalakea to the effect that the signatures on the other documents which had been furnished to the expert were in truth his own signatures. There was no showing that any effort had been made by or for the defendant, prior to the trial, to find an expert who would give testimony in support of the view that the signatures on the notes were forgeries. On the contrary it is made clear by what is said in the motion and accompanying affidavit, that while the defendant knew that the witness Wise had sworn in his deposition in effect that the two purported signatures of Lalakea on the notes were his genuine signatures, still he, Lalakea, was willing to take a chance as to a favorable decision at the hands of the

court because he would himself testify that he had not signed the notes and that the purported signatures were forgeries. It is not shown that an expert on handwriting could not have been obtained at the time of the trial.

"It is well settled that in order to prevail a party seeking a new trial on the ground of newly discovered evidence must show that due diligence was used to discover it" before the trial. "* * * 'It should appear not only that the proposed testimony is newly discovered, that it would be material to the issue and that it would not be merely cumulative, but that the' movant 'did not lose the opportunity to lay it before the jury by his own laches' " or indifference. " 'For when it appears to the court that the party might, by the exercise of due diligence, have discovered and obtained the proposed new testimony at or before the time of the trial, a·new trial will not be granted.' * * * There are but few cases tried in which new evidence cannot be hunted after trial, and in order to secure to parties the termination of their legal controversies the court must be wary about granting new trials upon insufficient excuses for not procuring the evidence when the parties had their day in court." *Uuku* v. *Kaio,* 21 Haw. 710, 721, and Hawaiian cases cited; also *Territory* v. *Fukunaga,* 30 Haw. 697, 733. In the case at bar the excuse offered is in substance that the defendant thought that he had sufficient evidence, without resorting to expert testimony,—an excuse which is plainly insufficient.

Subdivision 6 of Rule 6 of this court reads as follows: "There may be united with a motion to dismiss, a motion to affirm on the ground that, although the record may show that the case is properly before this court, it is manifest that the appeal was taken for delay only or that the question involved is such as not to need further argument." On behalf of the appellant it is urged that this

rule is applicable in cases only of "appeals" strictly speaking; that the present cases come to this court by bills of exceptions and not by appeals and that therefore there can be no affirmance upon motion on the ground that "the question involved is such as not to need further argument." We think that the rule should not be thus narrowly interpreted. The word "appeal" is susceptible of two meanings, one the technical meaning denoting one particular method of bringing a case to this court for review as distinguished from exceptions and writ of error, and the other as denoting in general any method of review. The purpose of the rule undoubtedly was to promote promptness of disposition of appeals (using the word generally) obviously lacking in merit. That purpose would not be served if the narrower meaning of the word contended for should be applied. The same is true of the word "affirm" earlier in the rule. It was used, we think, in this instance as denoting action which would leave in effect the judgment or decree or order appealed from.

The further point is made on behalf of the appellant that a motion to affirm under Rule 6 cannot be entertained unless it is made in conjunction with a motion to dismiss and that in the case at bar the motion to dismiss was made on a ground that was entirely unfounded. A copy of the bond having been prepared and furnished to the appellee by the appellant himself, the appellee was justified in relying upon its being a true and correct copy. That copy did not show upon its face any endorsement of approval by the trial judge. Under the circumstances it cannot be said that the motion to dismiss was filed in bad faith.

The exceptions are overruled.

*J. W. Russell* for the motions.

*W. H. Smith,* contra.