# TERRITORY OF HAWAII *v.* LEONARDO ABAD AND FRANCISCO PAHINAG.

## NO. 2851.

ARGUED MARCH 13, 1952.          DECIDED MAY 12, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

The defendants were convicted of robbery in the second degree. Writ of error issued upon the denial of defendants' motion for a new trial asserting newly discovered evidence.

On April 20, 1949 the complaining witness, Filemon Lata, while proceeding to a bank in Honolulu to withdraw funds, encountered the defendants riding in an automobile. They offered to drive him to the bank. The evidence establishes that upon inquiry, Lata permitted them to examine his bankbook then bearing a deposit entry of $1500 on March 31, 1949 and later, a withdrawal in that amount on the day in question. Following the withdrawal, the defendants offered to drive Lata to the Honolulu post office. Instead, they cruised about town and were driving mauka

on Fort street approaching Vineyard at the time of the alleged robbery. While in that vicinity Lata testified that Pahinag struck him on the head and removed the $1500 from his trouser pocket and another $500 from his shirt pocket; and, handing the $2000 to Abad, who was driving, dragged him from the car and fled on foot. Abad took flight in the car. Lata, dazed from the attack, recovered sufficiently to pursue and overtake Pahinag and, in the ensuing struggle, wounded him with a knife which he had concealed earlier on his person. When taken into custody, Lata forthwith accused the defendants of robbing him. He characterized his assault upon Pahinag as an attempt to "find my rights because they robbed me and took my money away."

The indictment alleged robbery in the second degree of the sum of $2000. At trial neither defendant testified, nor were any witnesses called on their behalf. Lata was the principal witness on behalf of the Territory.

The motion for a new trial grounded upon newly discovered evidence was supported by the affidavit of one John Kang. It alleged Lata's testimony of the defendants robbing him was false since he could not have been robbed of $2000 at the time and place alleged inasmuch as Lata had lost all the money he had to the affiant in a gambling game on the morning immediately preceding the alleged robbery. Kang testified in support of the affidavit.

Following extended hearings, during which Kang sought advice of independent counsel concerning his incriminatory testimony but nevertheless testified in full detail, the motion was denied upon the grounds that Kang's role as a self-admitted gambler did not lend credence or weight to his testimony; that inasmuch as it was in fact self incriminatory, and further assuming it to be credible, no probable grounds existed that the testimony would be available upon a new trial; and that there had not been a

sufficient showing that the defendants had exercised due and proper diligence in attempting to secure and offer the testimony at trial.

Section 10122 of Revised Laws of Hawaii 1945 provides in part that "* * * the court may in any civil or criminal case grant a new trial for any legal cause."

To warrant the granting of a new trial upon the ground of newly discovered evidence, it must affirmatively appear that the evidence has been discovered since trial; that such evidence could not have been discovered before or at trial by the exercise of due diligence; that the evidence is manifestly material to the issues and not cumulative or offered solely for purposes of impeachment, and is of such a nature as would probably change the result of a later trial. (*D. M. Weston* v. *Daniel Montgomery,* 2 Haw. 309; *D. Kahakalau* v. *Lepoloa,* 4 Haw. 566; *Clement* vs. *Cartwright,* 7 Haw. 676; *Green* v. *Keolanui,* 30 Haw. 954.)

The record bears ample evidence to sustain the trial judge's findings that the defendants failed to exercise due and proper diligence in attempting to secure the attendance of Kang at trial. Kang testified that he had engaged in a gambling game with Lata and the defendants during the morning of April 20, 1949, at which time he, Kang, had won all the money Lata possessed. Kang further testified that he had later met the defendants in Hilo, Hawaii in September 1949 after return of the indictment. On this latter occasion they had informed him of the pending indictment. He further testified that he "used to bump into them" after he got back from Hilo. At all of these times and even prior to indictment, the defendants possessed knowledge that the date of the alleged robbery on April 20 coincided with the day on which, according to Kang, they had gambled together. Kang further acknowledged that the defendant Abad knew where he resided prior to and during the trial; and that no attempt to contact him or to secure his attend-

ance had been made. The record reflects that no subpoena issued for Kang's attendance.

The granting of a new trial predicated upon newly discovered evidence is exercised with great caution; and is warranted only if that cause is made to appear manifest and is clearly established. The reason for this is that prior to trial, movants have in general had adequate notice and opportunity to investigate, prepare and take all necessary steps toward securing evidence and the attendance of witnesses. More than a year elapsed between the date of indictment and trial herein. With the exercise of reasonable diligence the defendants could have ascertained Kang's whereabouts and secured his attendance. This they failed to do. It was established that Kang was continuously within the Territory at all times prior to and during the trial.

" 'There are but few cases tried in which new evidence cannot be hunted after trial, and in order to secure to parties the termination of their legal controversies the court must be wary about granting new trials upon insufficient excuses for not procuring the evidence when the parties had their day in court.' " (*Green* v. *Keolanui,* 30 Haw. 954, 957; see also *D. M. Weston* v. *Daniel Montgomery,* 2 Haw. 309, *supra,* at p. 3; *Uuku* v. *Kaio,* 21 Haw. 710; *Ter.* v. *Fukunaga,* 30 Haw. 697; *Ter.* v. *Young,* 32 Haw. 628.)

The defendants have not only failed to rebut the presumption that the verdict was correct, but have also demonstrated a lack of exercise of such diligence as would warrant the granting of the motion. Considering the weight and importance of the alleged new evidence, its nature and materiality in connection with the evidence adduced at trial together with the finding of doubtful credibility of the affiant Kang, the motion was properly denied.

There being ample evidence to sustain the verdict and

the granting of a new trial resting largely within the discretion of the trial judge, we find no abuse thereof. (*D. M. Weston* v. *Daniel Montgomery,* 2 Haw. 309, *supra; Makalei* vs. *Himeni,* 7 Haw. 168; *Macfarlane* vs. *Lowell,* 9 Haw. 438.)

Order affirmed.

*O. P. Soares* (also on the brief) for plaintiffs in error.

*G. F. St. Sure,* Assistant Public Prosecutor (*A. R. Hawkins,* Public Prosecutor, with him on the brief), for defendant in error.