## LOUIS DEPONTE, SR. *v.* ULUPALAKUA RANCH, LIMITED.

### No. 4534.

APRIL 26, 1967.

RICHARDSON, C.J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

*Per Curiam.* The only question raised by this appeal is whether or not the trial court abused its discretion in denying plaintiff-appellant's motion for a new trial under Rule 59(a), H.R.C.P., based upon a claim of newly discovered evidence. After this court rendered its opinion in 48 Haw. 17, 395 P.2d 273, the court on plaintiff's motion granted him leave to file the motion for new trial in the court below after entry of judgment pursuant to the mandate, the court at the same time cautioning that it was "not intimating one way or the other its views on the sufficiency of the showing of diligence, or otherwise on the merits of the motion."

The trial court found that the plaintiff-appellant could have obtained the evidence by diligent search prior to the

conclusion of the trial. After a careful review of the record, in the light of the standards applicable as laid down in the cases hereunder cited, we find no sufficient basis to hold that the trial court abused its discretion in so ruling. *Territory* v. *Young,* 32 Haw. 628, 640; *Green* v. *Keolanui,* 30 Haw. 954, 957; *Territory* v. *Fukunaga,* 30 Haw. 697, 733; *Uuku* v. *Kaio,* 21 Haw. 710, 721, 724; *Territory* v. *Kum Foo Sung,* 20 Haw. 195, 197; *Republic of Hawaii* v. *Carvalho,* 10 Haw. 446, 448, 449; *Kaheana* v. *Nalimu,* 8 Haw. 271, 272; *Clement* v. *Cartwright,* 7 Haw. 676, 678; *Malani* v. *Puhi,* 5 Haw. 504, 505; *Burns* v. *Bowler,* 4 Haw. 303, 304; *Weston* v. *Montgomery,* 2 Haw. 309, 310; *Toledo Scale Co.* v. *Computing Scale Co.,* 261 U.S. 399; *Hartford Accident and Indemnity Co.* v. *Shaw,* 273 F.2d 133, 140; *Chemical Delinting Co.* v. *Jackson,* 193 F.2d 123; *Campbell* v. *American Foreign Steamship Corp.,* 116 F.2d 926, *cert. denied,* 313 U.S. 573; 6 Moore, Federal Practice, § 3, at 3783-3786 (2d ed.).

As stated in *Territory* v. *Young, supra* at 640, quoting from *Burns* v. *Bowler, supra* at 304:

"'* * * There are but few cases tried in which new evidence cannot be hunted after trial, and in order to secure to parties the termination of their legal controversies the Court must be wary about granting new trials upon insufficient excuses for not procuring the evidence when the parties had their day in Court.'"

The present case is the typical case which the court had in mind in the above quoted passage. Plaintiff's counsel after the trial received an anonymous letter which advised him of the existence of a certain letter in the files of the tax office. It appears that this letter bears on a point which plaintiff's counsel did not pursue at the time of the trial, namely, the reason why defendant in October 1950, paid up the taxes for the years 1937-50 (See 48 Haw. 17 at 20, 395 P.2d 273 at 275). No doubt counsel felt at

the time that pursuit of that point would be fruitless. We are not satisfied that he pursued it sufficiently when he had only made a general inquiry at the tax office as to what records were available and had pursued the matter no further after having received the answer that the field books would contain all the information which that office had with respect to the land in question. Plaintiff now seeks to offer the letter and other evidence he obtained when going into the background of the letter. Besides this, the only evidence claimed to have been newly discovered is testimony of a witness who testified for plaintiff at the trial. Plaintiff's counsel states that he had many conversations with the witness before and during the trial but did not learn of the facts which now are offered. Both matters come too late.

In view of the foregoing, we do not reach the related question as to whether the newly discovered evidence, if admitted, would likely cause a different result.

Judgment affirmed.

*Frank D. Padgett* (*Robertson, Castle & Anthony,* Of Counsel) for appellant.

*Daniel H. Case* (*Pratt, Moore, Bortz & Vitousek,* Of Counsel) for appellee.