GEORGE AUGUSTUS POWERS, et al., Plaintiffs-Appellees *v.* PAULINE L. SHAW, Defendant-Appellant, and WILLIAM S. ELLIS, JR., Trustee, et al., Defendants

NOS. 6370, 6417 and 6508

DECEMBER 27, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* Appellees' "Motion to Dismiss Appeal and to Affirm Decision of the Trial Court", citing Supreme Court Rule 6(f), contends that the instant appeal is frivolous and that the issues presented on appeal are "such as not to need further argument". In opposing the motion, appellant contends that the motion is not a true "motion to dismiss or affirm" as described in Rule 6(f), because in substance the motion merely requests summary affirmance on the ground of

frivolousness and does not *alternatively* request dismissal on jurisdictional or technical grounds.[1] Assuming arguendo that appellant's interpretation of Rule 6(f) is correct, there is no reason to interpret the permissive language of that rule as barring consideration of a motion for summary affirmance independently of Rule 6(f). Hereinafter appellees' motion is termed a motion to affirm.

This is an appeal from a post-judgment order determining $14,450 to be reasonable attorneys' fees.[2] It is uncontested that appellant is liable for attorneys' fees pursuant to prior judgment. The appeal challenges the trial court's quashing of appellant's subpoenae to six members of appellees' law firm to appear at the hearing on attorneys' fees. More generally, the appeal questions the sufficiency of appellees' proof of attorneys' fees.

The motion to affirm contends that the appeal is frivolous on the ground that the record amply supports the trial court's quashing of the subpoenae and its determination that $14,500 is a reasonable amount of attorneys' fees.

These arguments are not appropriate to a motion to affirm on grounds of frivolousness, because the arguments require this court to examine the transcripts and evidence. It may be, as contended by appellees, that such an examination would show the appeal to be without merit. However, a conclusion after argument that the appeal is without merit does not establish that the questions involved were "such as not to need further argument." *See* A.B.A., Standards Relating to Criminal Appeals, § 3.2(d), at 77 (Approved Draft, 1970); Hermann, *Frivolous Criminal Appeals*, 47 N.Y.U. L. Rev. 701, 705 (1972). This court will grant summary affirmance

---

[1] Rule 6(f) provides:

*Motion to Dismiss or Affirm*. There may be joined with a motion to dismiss an alternative motion to affirm on the ground that, although the record may show the case is properly before this court, it is manifest that the appeal was taken for delay only or that the question involved is such as not to need further argument.

[2] The opening brief also attacked two other post-judgment orders. However, in apparent response to appellees' motion to affirm, appellant filed a withdrawal of appeal with respect to the two other orders.

only if it appears, without need for examination of the record, that the issues presented are frivolous. In the instant case, the issues presented with respect to attorneys' fees are not facially frivolous.

It is true that in *Green v. Keolanui*, 30 Haw. 954 (1929), and *Application of Wong*, 47 Haw. 472, 391 P.2d 403 (1964), this court granted summary affirmance after a fairly close examination of the evidence. Presently, however, there exists a backlog of cases in this court. It would be inappropriate for this court to spend a substantial amount of time weighing the merits of a given appeal in order to dispose of a motion to affirm, while other appeals wait their turn.

The motion to affirm is denied. However, this court is not precluded from ultimately finding that the appeal is frivolous within the meaning of Supreme Court Rule 9(e) (award of attorneys' fees where an appeal is frivolous or has been sued out merely for delay).

Appellant's "Cross-Motion to Strike Responsive Papers and Preclude Argument by Appellees" and "Alternative Motion to Defer Consideration of Grounds for Affirmance" are also denied. Appellees are granted 30 days from the date of this opinion in which to file an answering brief.

While the instant motions were pending, Nos. 6370 and 6417 were consolidated with No. 6508 (a related appeal by Appellant from orders subsequently entered in the same circuit court action), upon Appellant's motion without objection from Appellee. The opening and answering briefs in No. 6508 were filed prior to consolidation. Under the terms of the consolidation, all subsequent papers are to be filed in No. 6370. Following consolidation, Appellant filed a reply brief which addressed issues taken from both No. 6508 and Nos. 6370 and 6417, even though the answering brief for the latter two appeals had not yet been filed. The forthcoming answering brief shall solely address the issues presented in Nos. 6370 and 6417, despite the consolidation. Thereafter, Appellant may file a reply brief likewise limited to the issues in Nos. 6370 and 6417. The three appeals shall be fully consolidated for purposes of oral argument.

514 

*Edward A. Jaffe and Edwin L. Doernberger (Cades Schutte Fleming & Wright* of counsel) for Plaintiffs-Appellees, for the motion.
*Helen B. Ryan (Ryan & Ryan* of counsel) for Defendant-Appellant.