NAPAHOA (w.) and WAILELE, her husband, *vs.* THE CHINESE UNION.

EXCEPTIONS FROM MR. JUSTICE PRESTON, JURY WAIVED.

OCTOBER TERM, 1888.

JUDD, C.J., McCULLY, PRESTON and DOLE, JJ.   BICKERTON, J., did not sit, being interested.

A motion for a new trial, on the ground of newly discovered evidence will not be granted, if not supported by the affidavit of the witness himself setting forth what he will testify to, in order that the Court may judge of its materiality.

OPINION OF THE COURT, BY JUDD, C.J.

This is an action of ejectment to recover possession of land on King street, Honolulu, on which stands the Club House of the "Chinese Union," Defendant Corporation.

The action was began on the 16th July, 1887, and jury was waived at the October Term and a hearing of the case was had on March 20, 21 and 22, 1888, before Mr. Justice Preston. On the 2d April, 1888, the Justice filed his decision rendering judgment for the defendant as follows.

"This is an action of ejectment for a piece of land comprised in Royal Patent No. 136 on Land Commission Award 936, situate on King street, Honolulu, upon which the building of the Chinese Union stands.

"The defendant, The Chinese Union, answered and the other defendants disclaimed.

"The patentee of the land was named Palea, and the plaintiffs claimed that Palea and Piilani, the mother of the plaintiff Napahoa, were brother and sister, and that Palea died without having issue, intestate and unmarried, leaving the female plaintiff his sole heir and next of kin.

"The defendants claimed that Palea was married to a woman named Puu, and died leaving her and a niece Kapahukui surviving, and claimed title through them as follows :

"'Conveyance by Puu to Kapahukui.

"'Kapahukui married William H. Tell.

"'Kapahukui devised the land in question to W. H. Tell.

"'Conveyance by W. H. Tell to Victoria A. Bannister, who subsequently married W. H. Tell.

"'Conveyance by V. A. and W. H. Tell to James Love.

"'Conveyance by James Love to defendants Alee and others.

"'Conveyance by Alee and others to The Chinese Union.'

"The evidence given is entirely irreconcilable, and I am left to decide between the parties, and I take the evidence of Mrs. Charlotte Adams, who is nearly ninety years of age, as establishing the right of the defendants.

"She corroborates the witnesses for the defendants, and says she knew Palea from his boyhood, and gives a statement of his relatives and their names, and seems to infer that the Palea, through whom the plaintiffs claim, was not the Palea the patentee of the land in question. This will account for many of the contradictions in the testimony.

"I am of opinion and find

"1st. That Napahoa (w.) the plaintiff was not a relative of Palea the patentee.

"2d. That Palea and Puu were lawfully married according to the ancient Hawaiian custom, previous to the proclamation respecting marriage by Kaahumanu, and thereafter continued to live together up to the time of Palea's death.

"3d. That consequently Puu and Kapahukui were, under the Statute of descents, the only heirs of Palea and entitled to the land in question as tenants in common.

"4th. That the defendants have proved their title and I accordingly order judgment to be entered in their favor."

Plaintiffs' counsel here withdrew from the case and another attorney was substituted, who filed a motion for a new trial on the ground (1st), that the judgment was contrary to law and the

evidence, and (2d), on the ground of newly discovered evidence.

The Justice, on the 24th April, heard the motion and over-ruled the same, thereupon counsel for plaintiff was again changed and a bill of exceptions tendered to the Court by the new counsel, which was finally allowed as of the 4th May.

## BY THE COURT.

Upon an examination of the evidence in the case, we find that there was abundant evidence that the Palea from whom plaintiff claimed was not the Palea to whom the land was patented, and under whom defendants claim. For this reason a new trial, on the ground that the judgment was contrary to the evidence, is refused.

On the second ground, of newly discovered evidence, the affidavit in support is by Wailele, husband of plaintiff, who deposes that " since the trial he has discovered the evidence of one Hikaalani (w), a resident of Kailua, Oahu, which will establish the facts that the Palea alleged to be the owner of the land in question was born at Waimanalo, and not at Kailua, that he is related by blood to Napahoa (defendant's wife), that he left Waimanalo and came to Honolulu and lived upon the land in question, that said Hikaalani was born at Kailua aforesaid, and has always lived there, that she is now about sixty years of age, and that she never knew of a man by the name of Palea belonging to Kailua aforesaid; that said Hikaalani is at present at Kailua aforesaid, which is a long way from Honolulu, and the road thither is very bad and deponent is unable to procure her affidavit within the time allowed for filing a motion for new trial of this cause, but that deponent will be able to produce her at a new trial of this cause. That deponent did not, nor did Napahoa, know of the existence of said evidence at the time of the trial, and could not by the use of the utmost diligence have discovered or produced it upon the former trial."

In the case of *Walker vs. Grimes*, 1 Hawn., 34, this Court held that " to support a motion for a new trial on the ground of newly discovered evidence, there must be an affidavit of the

witness himself as to what he will testify to, in order that the Court may judge of its materiality." This was affirmed in *Re Will of Hewahewa*, 2 Hawn., 165, and the Court say that " applications like the present (for a new trial) should be accompanied by affidavits of the witnesses to the newly discovered evidence, unless good cause is shown why such affidavits have not been obtained." This rule has never been relaxed to our knowledge by any subsequent decision of this Court, except that in *Briggs vs. Mills*, 4 Hawn., 451, the Court say that " we have no doubt that the Court has the power to extend the time for filing additional affidavits in support of such a motion (for a new trial on the ground of newly discovered evidence), but the motion and bond and some affidavit must be filed within ten days after the verdict."

The excuse for not filing the affidavit of Hikaalani, as set forth in Wailele's affidavit, is that she resides in Kailua, say fifteen miles from Honolulu, and that she is sixty years of age. This reason might possibly be deemed good for not producing her affidavit within the ten days after the judgment, but no further time was asked within which to obtain it, and though nearly six months have elapsed since then, it is not yet offered to the Court.

Counsel relied upon Wailele's affidavit as sufficient. We are obliged to hold that it was not, and therefore overrule the exceptions.

*A. Rosa*, for plaintiffs.

*C. Brown*, for defendants.