MARY SOUZA *v.* JOSE F. FERREIRA, ET AL.

## No. 1639.

APPEAL FROM CIRCUIT JUDGE FOURTH CIRCUIT.
HON. H. L. ROSS, JUDGE.

ARGUED APRIL 13, 1926.                    DECIDED MAY 6, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

EQUITY—*contribution*—*failure of some of respondents' to answer*—*evidence.*

In a suit in equity by one of several obligors on a contract of indemnity the failure of one or more of the respondents to answer the bill of complaint is not evidence in favor of the complainant of the material allegations of the bill against other respondents who deny such allegations.

SAME—*laches.*

When one of several obligors on a contract of indemnity pays more than her share of the liability on such contract her mere failure for four years to institute suit for contribution against her coindemnitors is not of itself laches in the absence of a showing that the respondents have suffered loss or been placed at a disadvantage because of the delay.

OPINION OF THE COURT BY BANKS, J.

In January, 1919, Jose F. Ferreira and August Antone, two of the respondents herein, were awarded a contract by the County of Hawaii for the construction of a public road extending from the district of Kona to the district of Kau. Ferreira and Antone executed a bond, with approved surety, for the performance of their contract. This surety (the Hilo Mercantile Company, Limited,) required

indemnity and one John T. Baker became its indemnitor. Baker in turn required indemnity and the parties to this suit became his indemnitors. As evidence of their contract of indemnity all the parties to this suit executed and delivered to Baker their joint and several promissory note for the sum of $25,000. This note was secured by a mortgage on several parcels of land. The land was not the joint property of the mortgagors but was owned by them separately and severally. Ferreira and Antone failed in the performance of their contract and the Hilo Mercantile Company, the surety on their bond, was called upon to make good their default. Thereupon the surety demanded of Baker the fulfillment of his obligation, to which demand Baker responded by paying the amount for which Ferreira and Antone were liable. Baker then demanded of his indemnitors, the parties to this suit, a fulfillment of their obligation to him. On their failure to meet this demand he foreclosed his mortgage and the property of Mary Souza, the complainant herein, and that of her husband, Frank de Souza, was sold together with the property of Ferreira and Antone. The property of Mary Souza was sold for $10,000 and that of Frank de Souza for $9,250, a total of $19,250. There was left from the sale a surplus over and above the amount that Baker had paid on his contract of indemnity of $5,500, which surplus was returned to Mary Souza and Frank de Souza, thus reducing the amount which Baker had collected from them to $13,750. Subsequent to the foreclosure of the mortgage Frank de Souza, by written instrument, assigned his claim for contribution against his coindemnitors to A. de Souza, who later in like manner assigned said claim to Mary Souza, the complainant in this suit. Thereafter Mary Souza brought her bill in equity against respondents to compel them to pay to her their respective proportions of the amounts she and Frank de Souza had

been obliged by the sale of their property to pay on account of the contract of indemnity executed to Baker by herself, Frank de Souza and the respondents.

In the court below the complainant dismissed her suit against Peter Silva and Maria Silva, two of the respondents, for the reason that she had made a settlement with them. The evidence adduced at the trial showed that the respondents Ferreira and Antone were insolvent and therefore no decree was entered against them. The respondent J. M. Gouveia was not served with process and therefore no decree was entered against him. The respondents Jose Ferreira, August Antone and Mary Antone made no answer to the complainant's bill but no decree *pro confesso* was entered against them. The only answer to the bill of complaint was that of Jose G. Serrao and Emilia G. Serrao. The court below entered a decree against these two respondents and also against Mary Antone for the sum of $1964.28, respectively. From this decree the Serraos appealed to this court.

It is conceded that the complainant, if she has not been fully reimbursed, has a just cause of action against the respondents on her own behalf but it is denied that she is entitled to any relief as the assignee of Frank de Souza. Exception No. 5 presents this question. The appellants' contention in this regard is predicated on the assumption that there was a partnership agreement between Ferreira, Antone and Frank de Souza in respect to the contract for the construction of the road out of which the liability of the various parties arose. If this assumption is true, the appellants' conclusion is inescapable for the evident reason that if de Souza was in partnership with Ferreira and Antone, he, equally with them, was bound as a principal debtor to pay the losses incurred by their failure to carry out the road contract according to its terms and therefore would have no claim for con-

tribution against the appellants. In that event de Souza assigned nothing to his immediate assignee and of course nothing passed to the complainant by the assignment to her. On the other hand, if no such partnership existed, de Souza stood in the same relation to the obligation to Baker that the other indemnitors did and when he was obliged to pay more than his proportion of this obligation he had a valid and assignable claim for contribution against his coindemnitors, including the appellants.

The court below, after hearing all of the evidence on this question of partnership, decided that there was no such agreement between Ferreira, Antone and de Souza. It is urged by the appellants that this conclusion was contrary to the weight of the evidence and therefore erroneous. While we are not bound in a suit in equity by the findings of fact made by the lower court and are free to form a different opinion, if from the evidence before us we think a contrary finding should have been made, nevertheless, in a case like this, of conflicting testimony, the conclusions of the lower court are entitled to and should receive from this court serious consideration and be given great weight. They should not be reversed except for clear and convincing reasons. We have carefully examined the evidence on this question of partnership and are constrained not only by our respect for the opinion of the lower court but also by the evidence itself to conclude that the finding of the lower court was correct. The complainant was therefore not only entitled to maintain the suit in her own right but as the ultimate assignee of Frank de Souza.

Exception No. 1 is as follows: "That it was incumbent upon the petitioner to prove affirmatively the nonpayment to her of her claims upon which this cause is predicated." The complainant alleges in her complaint that the claims upon which she sues have not been paid. This

concededly is a material allegation and the burden rested
on the complainant to prove it. It goes without argu-
ment that if prior to the trial Ferreira and Antone or
either of them had reimbursed the complainant for the
full amount she and her husband Frank de Souza
had paid to Baker her right to contribution was extin-
guished. It is equally true that if either Ferreira, An-
tone or Gouveia had partly reimbursed her her claim
against her coindemnitors would be reduced accordingly.
The appellee does not dispute the soundness of this con-
clusion. She contends, however, that she did in fact
sustain the burden that rested on her to prove that she
had not been reimbursed to any extent by either Ferreira,
Antone or any of her coindemnitors, except, of course, by
Peter and Maria Silva, with whom she had made a set-
tlement. The sole evidence upon which she relies for this
proof is the failure of Jose Ferreira, August Antone and
Mary Antone to answer her bill of complaint.

Whether the failure of these three respondents to an-
swer is such a confession of the material allegations of
the bill as to relieve the complainant of the necessity of
proving them as against these three respondents we need
not decide. Jose Ferreira and August Antone were
proven to be insolvent and no decree was entered against
them. Mary Antone does not complain of the decree
entered against her. The Serraos, however, are on a dif-
ferent footing. In their answer they admit that they
have not made any contribution to the complainant but
they deny the allegation that she has not been reimbursed
by any of the other respondents. Under the exception
we are now considering we are obliged to decide whether
the confession of the material allegations of the bill,
implied (if it was implied, which we do not decide) from
the failure of Jose Ferreira, August Antone and Mary

Antone to answer, can be considered as evidence against the appellants.

The inference deducible from the failure of a respondent to answer a bill in equity certainly has no higher quality as evidence than an answer itself in which the allegations of the bill are specifically admitted to be true. Even in cases where such an answer is made by one defendant the general rule is that it is not evidence in favor of the plaintiff against a codefendant. There are, however, exceptions to the rule. These exceptions are that the plaintiff may use such answer as evidence when there is a privity of estate or interest between defendants or where such defendants are partners in the same transaction or where one has acted as the agent of the other in any transaction to which the answer may relate and the agency of partnership at the time of filing the answer still exists. (21 C. J. Sec. 707 1/4.) Does the question we are now considering fall within any of these exceptions? There certainly was no partnership relation between the Serraos and the three defaulting respondents; nor was there any relation of principal and agent between them; nor was there any privity of estate. It is contended by the complainant that there was privity of interest. With this contention we cannot agree. Identity of interest is essential to privity. Instead of there being identity of interest between the defaulting respondents and appellants there is antagonism of interest. If the Serraos are obliged to make contribution to the complainant they have a cause of action against Ferreira and Antone, the principal debtors to Baker, for reimbursement. Likewise, if they are required to make disproportionate contribution to her they have a cause of action against Mary Antone. There is no more privity of interest between the Serraos and the defaulting respondents than there is between the Serraos and the com-

plainant. We conclude, therefore, that the failure of Ferreira, Antone and Mary Antone to answer the complainant's bill was no evidence in her favor against Jose G. Serrao and Emilia G. Serrao.

In the seventh paragraph of the appellants' answer it is alleged as an affirmative defense that at the time each of the appellants signed the note and mortgage to Baker it was with the understanding that as between themselves and the complainant, Mary Souza, and Frank de Souza they (the appellants) would not be liable for any contribution to Mary Souza or Frank de Souza in the event either of them should be required to pay said note and mortgage or any part thereof. Upon this subject the testimony of witnesses was taken. The evidence was conflicting and the lower court after seeing the witnesses and hearing them testify decided adversely to the appellants. A careful examination of the record convinces us that this finding of the lower court should not be disturbed.

It is claimed by appellants that the lower court erred in eliminating J. M. Gouveia, one of the complainant's coindemnitors, from consideration in determining the fractional part of the appellants' liability. This claim is based on the hypothesis that in order to justify the exclusion of Gouveia in computing appellants' liability it was incumbent on the complainant to show that Gouveia was permanently residing out of the jurisdiction of the court and also that he had no property within the court's jurisdiction out of which a judgment against him could be satisfied. We deem it unnecessary to decide this point. Upon further hearing of the case in the court below it may be expected that the complainant will make Gouveia a party if he is available for the service of process, or, if he is not, that that fact will be established by satisfactory evidence. It likewise may be expected that if it is shown

that Gouveia is residing permanently beyond the court's jurisdiction it will be proven whether he has or has not property within the jurisdiction which can be reached by judicial process.   If it shall be made to appear that he has no property in Hawaii the correctness of the exclusion of Gouveia from the computation would thereby be emphasized.   If on the other hand it shall be shown that he has property the question will be presented to the trial court whether that fact lessens the degree of relief obtainable by the complainant against the appellants.

It is also claimed by the appellants in their brief that the complainant's suit is barred by laches.   The foreclosure sale at which the property of the complainant and that of Frank de Souza was sold occurred in October, 1920, and the present suit was not brought until May of 1924.   This mere lapse of time will not of itself preclude the complainant from her remedy.   In order for this result to be visited upon her it is necessary to show that it would be inequitable to her adversaries to permit her to prosecute her suit.   This does not appear.

The complainant having failed to offer any evidence that she had not been reimbursed in whole or in part by Ferreira and Antone or Mary Antone we are of the opinion that the decree below was erroneous.   The decree is therefore reversed and the cause remanded with instructions to the lower court to reopen the case for the introduction of additional evidence.

*H. K. Ashford* (also on the briefs) for petitioner.

*J. W. Russell* (*J. S. Ferry* and *C. S. Carlsmith* with him on the briefs) for respondents J. G. and Emilia G. Serrao.