MARY SOUZA *v.* JOSE F. FERREIRA, ET AL.

No. 1728.

ERROR TO CIRCUIT JUDGE FOURTH CIRCUIT.
HON. H. L. ROSS, JUDGE.

SUBMITTED DECEMBER 17, 1926.          DECIDED JANUARY 14, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

NEW TRIAL—*newly discovered evidence—affidavits of witnesses.*

When a decree in equity is reversed on appeal and the case is remanded with instructions to the lower court to reopen it for the introduction of evidence on certain specified questions, a motion in the lower court, on a retrial, to be permitted to introduce additional evidence, claimed to be newly discovered, on another and unrelated question which had been decided on a prior trial of the case and the findings of the lower court approved, on appeal, by this court, is properly overruled in the absence of affidavits of the witnesses claimed to be newly discovered showing what they would testify to if present.

JUDGES—*disqualification—procedure.*

When upon a former trial of a case the disqualification of the judge has been suggested on the ground that prior to his acces-

sion to the bench he had been of counsel for one of the parties, in the subject matter of the suit and his statement in open court shows that he had not been of counsel and said statement is acquiesced in by counsel on both sides, a suggestion of disqualification on the same ground, unsupported by any evidence, made at a subsequent trial, is properly overruled.

OPINION OF THE COURT BY BANKS, J.

This case comes here on writ of error. It is the second time the controversy between the parties now before us has been brought to this court for review. On the first appeal (*Souza* v. *Ferreira,* 29 Haw. 142, where the case is fully stated and need not be repeated) the decree of the lower court was reversed and the cause remanded with instructions to reopen the case for the introduction of evidence on certain specified questions. Those questions were: "1. Did petitioner or her husband ever receive any sum in excess of $5500.00 from any of the respondents in connection with the above cause? 2. Was the respondent J. M. Gouveia permanently absent from the Territory at the time of filing suit herein or at the time of trial thereof? 3. Did the respondent J. M. Gouveia at the time of the institution of the suit or at the time of trial thereof have property in this jurisdiction?"

On the retrial before the circuit judge the respondents Jose G. Serrao and Emilia G. Serrao, the plaintiffs in error here, moved to enlarge the scope of the inquiry upon which this court had ordered evidence to be received and to be allowed to introduce evidence upon an additional and wholly unrelated question. This question was whether there was a partnership agreement between Ferreira, Antone and Frank de Souza in respect to the contract for the construction of the road, out of which contract the liability of the various parties arose. The motion was overruled, the trial judge stating that he would "hear the matters submitted by the supreme court only." The

plaintiffs in error excepted to the ruling of the court and assign it as error. On the first trial of the case (which was before the same judge who sat at the retrial) one of the questions litigated was whether there was a partnership agreement existing between Ferreira, Antone and Frank de Souza. The judge after hearing all the evidence decided that there was no such agreement. This finding was excepted to as error. The exception was held by this court to be without merit and the finding of the trial court was approved. *Souza* v. *Ferreira, supra,* 144, 145. The ground of the motion to be permitted to introduce additional evidence was that since the first trial of the case certain evidence had been discovered by the plaintiffs in error, which, if they were permitted to introduce, would show the existence of said partnership. In its support the affidavit of Jose G. Serrao was presented to the court. In his affidavit Serrao states in substance that he had been reliably informed that one A. M. Cabrinha knew about the partnership, and if permitted to testify would testify to its existence; that Cabrinha would also testify that Frank de Souza stated in the presence of Ferreira and Antone that he was a partner. The affiant also states that one H. H. Foster had knowledge of the partnership, and if permitted to testify would testify that a partnership existed between the parties in question and also would testify that he had heard de Souza state in the presence of Ferreira and Antone that he was a partner and was financing the contract. There was no affidavit by either Cabrinha or Foster, the witnesses whom the plaintiffs in error desired to introduce, and no reason given for not obtaining such affidavits. This alone was sufficient to justify the denial of the motion and therefore renders it unnecessary for us to examine the merits of the proposed new evidence or the question of the diligence of the plaintiffs in error in discovering it. The

same rule governs as in motions for a new trial. This rule is stated in *Napahoa* v. *Chinese Union*, 7 Haw. 379, where this court said: "A motion for a new trial, on the ground of newly discovered evidence, will not be granted, if not supported by the affidavit of the witness himself setting forth what he will testify to, in order that the court may judge of its materiality." See also *Walker* v. *Grimes*, 1 Haw. 54; *In re Will of Hewahewa*, 2 Haw. 165; *Laing* v. *Laing*, 10 Haw. 183, 185; *Territory* v. *Good*, 27 Haw. 8, 19.

Plaintiffs in error, when the case was called for trial, suggested the disqualification of the Honorable Homer L. Ross, the presiding judge. The ground of the suggestion was that Judge Ross had been, immediately prior to his appointment as judge of the fourth circuit court, counsel for the complainant Maria Souza and her husband Frank de Souza in the subject matter involved in the pending suit. The suggestion was made by the affidavit of Jose G. Serrao, one of the plaintiffs in error. In his affidavit the affiant states that he had information from certain named persons that Judge Ross had, prior to his accession to the bench, been the attorney for the complainant and her husband. The persons from whom the affiant stated he had obtained his information were not produced as witnesses and therefore did not testify to the matters set forth in the affidavit. The affidavit, not being based on the personal knowledge of the affiant but only on what he alleges had been told him by others, is not evidence of disqualification. Moreover, the record shows that the question of the judge's disqualification was mooted at the first trial of the case. At that time Judge Ross stated from the bench: "There has been a suggestion of my disqualification to hear this case and I want to state the facts. This case has certain aspects of familiarity to me. Of course this matter has been discussed for longer than

I have been on the bench. On one occasion I was approached on the street and something was said about it. I remember I was not engaged as counsel, received no fee, and gave no advice. Do you gentlemen feel that the situation disqualifies me?" Counsel on both sides indicated their opinion that the judge was not disqualified and the trial proceeded. There being an entire lack of evidence of Judge Ross's disqualification and it appearing from his own statement, made from the bench in the presence of counsel for both parties, that he was not disqualified, there was no error in overruling the motion that he hold himself disqualified.

The plaintiffs in error filed no briefs in this court. The two foregoing questions are the only ones that were argued by their counsel. The remaining assignments of error were therefore abandoned.

The judgment of the lower court is affirmed.

*J. S. Ferry* for plaintiffs in error Jose G. Serrao and Emilia G. Serrao.

*Heen & Ashford* and *Patterson & Kelley* for defendant in error.